IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **InnoMemory, LLC,** | Case No. 2:26-cv-484 |
| Plaintiff, | Patent Case |
| v. | Jury Trial Demanded |
| **Silicon Power Computer &** | |
| **Communications Inc.,** | |
| Defendant. | |

**COMPLAINT FOR PATENT INFRINGEMENT**

1.    Plaintiff InnoMemory, LLC ("Plaintiff"), through its attorneys, complains of

Silicon Power Computer & Communications Inc. ("Defendant"), and alleges the following:

**PARTIES**

2.    Plaintiff InnoMemory, LLC is a corporation organized and existing under the

laws of Texas that maintains its principal place of business at 261 West 35th Street – Suite 1003,

New York NY 10001-1902.

3.    Defendant Silicon Power Computer & Communications Inc. is a corporation

organized and existing under the laws of Taiwan that maintains an established place of business

at 7F., No. 106, Zhouzi St., Neihu District, Taipei City 114, Taiwan.

**JURISDICTION**

4.    This is an action for patent infringement arising under the patent laws of the

United States, Title 35 of the United States Code.

1

5.      This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6.      This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

**VENUE**

7.      Venue is proper in this District under 28 U.S.C. § 1391(c) because Defendant is a foreign corporation. In addition, Defendant has committed acts of patent infringement in this District, and Plaintiff has suffered harm in this district.

**PATENT-IN-SUIT**

8.      Plaintiff is the assignee of all right, title and interest in United States Patent No. 7,057,960 (the "Patent-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patent-in-Suit. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the Patent-in-Suit by Defendant.

**THE '960 PATENT**

9.      The '960 Patent is entitled "Method and architecture for reducing the power consumption for memory devices in refresh operations," and issued 2006-06-06. The application leading to the '960 Patent was filed on 2003-07-29. A true and correct copy of the '960 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

**COUNT 1: INFRINGEMENT OF THE '960 PATENT**

10.     Plaintiff incorporates the above paragraphs herein by reference.

11.     **Direct Infringement**. Defendant directly infringed one or more claims of the '960 Patent in at least this District by making, using, offering to sell, selling and/or importing,

2

without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringed at least the exemplary method claims of the '960 Patent also identified in the charts incorporated into this Count below (the "Exemplary '960 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringed the claims of the '960 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

12.     Defendant also directly infringed, literally or under the doctrine of equivalents, the Exemplary '960 Patent Claims, by having its employees internally test and use these Exemplary Products.

13.     Exhibit 2 includes charts comparing the Exemplary '960 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '960 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '960 Patent Claims.

14.     Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 2.

15.     Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

### JURY DEMAND

16.     Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A.     A judgment that the '960 Patent is valid and enforceable

B.   A judgment that Defendant has infringed directly one or more claims of the '960 Patent;

C.   An accounting of all damages not presented at trial;

D.   A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendant's past infringement at least with respect to the '960 Patent.

E.   And, if necessary, to adequately compensate Plaintiff for Defendant's infringement, an accounting:

 i.   that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorneys fees against Defendant that it incurs in prosecuting this action;

 ii.   that Plaintiff be awarded costs, and expenses that it incurs in prosecuting this action; and

 iii.   that Plaintiff be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: June 17, 2026                Respectfully submitted,

                                            /s/ Isaac Rabicoff
                                            Isaac Rabicoff
                                            Rabicoff Law LLC
                                            4311 N Ravenswood Ave Suite 315
                                            Chicago, IL 60613
                                            7736694590
                                            isaac@rabilaw.com


                                            **Counsel for Plaintiff**
                                            **InnoMemory, LLC**